## County Prison Inspection.

*Prisons—Inspection—"Condition"—Duty of Commissioner of Public Welfare—Certificate to district attorney—Words and phrases—Act of May 25, 1921.*

1. Whenever a condition is found to exist in any county prison, which, in the opinion of the Commissioner of Public Welfare, is unlawful or is detrimental to the proper maintenance or management of such institution, or to the proper care and welfare of its inmates, it is the duty of the commissioner to direct those in charge to correct such condition in a prescribed way and within a time fixed, and upon their failure to do so, to certify the facts in the form indicated by the Act of May 25, 1921, P. L. 1144, to the district attorney.

2. The word "condition," as used in the act, can fairly be held to mean not merely the state of physical equipment of the plant, but the character of the discipline, method of maintenance and general care of the inmates.

Attorney-General's Department. Opinion to Dr. J. M. Baldy, Commissioner of Public Welfare.

COLLINS, Dep. Att'y-Gen., Dec. 20, 1922.—There was duly received your communication of the 5th instant to the Attorney-General, relative to the power and duty of the Commissioner of Public Welfare, under section 12 of

3 D. & C.

County Prison Inspection.

the Act of May 25, 1921, P. L. 1144, creating the Department of Public Welfare, in the case of a county prison. A specific case is stated as to whether it would be within the power of the commissioner to direct its correction, and, if not made, to then certify the facts to the district attorney with a "request" that he proceed to bring about a remedy. For the reasons hereinafter given, it is deemed sufficient simply to point out the general rule for your guidance.

Section 9 of that act subjects county prisons to the supervision of the said department. Section 12 of the act makes it the duty of the said commissioner to inspect, or cause to be inspected, at least once a year, all institutions within the jurisdiction of said department, with the right to enter them for such purpose, and requires those in the management or control thereof to afford to the commissioner or his representatives full opportunity to make the required inspection. It further provides that "Whenever, upon such visitation, examination and inspection of any penitentiary, prison, reformatory, almshouse or poorhouse, any condition is found to exist therein which, in the opinion of the commissioner, is unlawful or detrimental to the proper maintenance, discipline, hygienic conditions of such penitentiary, prison, reformatory, almshouse or poorhouse, or to the proper care, maintenance, custody and welfare of the inmates thereof or the persons committed thereto, or being treated, detained or residing therein," it shall be the duty of the commissioner to direct those in control to correct the objectionable condition in the way and within the time fixed. Should those in management fail to comply with such direction, it is then the further duty of the commissioner to "certify the facts in the case to the district attorney of the proper county, whose duty it shall be thereupon to proceed by indictment or otherwise to remedy the said objectionable condition."

The foregoing provisions are plain and explicit. It is thereby made the duty of the Commissioner of Public Welfare to proceed in the manner prescribed for the correction of any condition found in any of the aforesaid institutions which, in his opinion, is detrimental to the proper operation of the institution or the care or welfare of its inmates. The only question, as I see, that might arise thereunder is as to the extent of the import to be given to the word "condition."

The word "condition" is defined by the New Standard Dictionary as meaning, inter alia, "the state or mode in which a person or thing exists, especially the manner in which persons or things are situated in relation to their environment. The position or case of a person or thing; plight;" and by the Century Dictionary as "the particular mode of being of a person or thing; situation, with reference either to internal or external circumstances; existing state or case; plight; circumstances."

In view of the remedial aim of the aforesaid provisions of the said act, I am of the opinion that the word "condition" should be given a broad meaning and said provisions a liberal interpretation. This word, as here used, can fairly be held to mean, not merely the state of the physical equipment of the plant in which persons are confined, but the character of the discipline, method of maintenance and general care of the inmates. Whatever affects their welfare is within the purview.

The certification of the facts by the commissioner to the district attorney should properly include a clear statement of the exact condition complained of, the correction thereof as directed by the commissioner, and the failure, or extent of the failure, of those in control to carry it out.

What section 12 of the said act contemplates is that there shall be a thoroughgoing inspection and visitation of all institutions within its scope by the

commissioner, who is given full authority to learn all about their management and the care of their inmates, and then, in the case of the ones enumerated above, if there is not a compliance with his direction to correct objectionable conditions, the facts obtained by this inspection, as thus found by one having expert knowledge, shall go before the proper county authorities for their action. In this responsible and searching fashion additional scrutiny is exercised over such institutions in order that the welfare of the inmates thereof shall be more surely safeguarded.

Answering your specific question, you are advised that whenever any condition, as that term is above defined, is found to exist in any county prison which, in the opinion of the Commissioner of Public Welfare, is unlawful or is detrimental to the proper maintenance or management of such institution or to the proper care and welfare of its inmates, it is the duty of the commissioner to direct those in charge to correct such condition in a prescribed way and within a time fixed, and upon their failure to do so, to thereupon certify the facts, in the form above indicated, to the district attorney of the proper county.

From Guy H. Davies, Harrisburg, Pa.